Haiou Hu v. Sessions

BIA
A097 976 136

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 24th day of July, two thousand eighteen.

PRESENT:
> JOHN M. WALKER, JR.,
> DENNIS JACOBS,
> CHRISTOPHER F. DRONEY,
> *Circuit Judges.*

_____

HAIOU HU, AKA HAI OU DONG,
> *Petitioner,*

v.                                                          17-1607
                                                            NAC

JEFFERSON B. SESSIONS III,
UNITED STATES ATTORNEY GENERAL,
> *Respondent.*

_____

FOR PETITIONER:          Norman Kwai Wing Wong, New York, NY.

FOR RESPONDENT:          Chad A. Readler, Acting Assistant Attorney General; Shelley R. Goad, Assistant Director; Kristin

Moresi, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Haiou Hu, a native and citizen of the People's Republic of China, seeks review of an April 28, 2017, decision of the BIA, denying her motion to reopen. *In re Haiou Hu,* No. A097 976 136 (B.I.A. Apr. 28, 2017). We assume the parties' familiarity with the underlying facts and procedural history in this case.

The applicable standards of review are well established. *See Jian Hui Shao v. Mukasey*, 546 F.3d 138, 168-69 (2d Cir. 2008). In her motion to reopen, Haiou Hu asserted that conditions for unauthorized religious groups had worsened in China excusing the untimely and number barred filing of her motion and demonstrating her prima facie eligibility for asylum based on her practice of I Kuan Tao in the United States.

It is undisputed that Haiou Hu's 2016 motion was untimely and number barred because it was her second motion to reopen filed more than eight years after her removal order became final in 2008. *See* 8 U.S.C. § 1229a(c)(7)(A), (C)(i); 8 C.F.R. § 1003.2(c)(2). However, the time and number limitations for filing a motion to reopen do not apply if reopening is sought to apply for asylum and the motion "is based on changed country conditions arising in the country of nationality or the country to which removal has been ordered, if such evidence is material and was not available and would not have been discovered or presented at the previous proceeding." 8 U.S.C. § 1229a(c)(7)(C)(ii); *see also* 8 C.F.R. § 1003.2(c)(3)(ii). The BIA did not err in finding that Haiou Hu failed to demonstrate such conditions.

"In determining whether evidence accompanying a motion to reopen demonstrates a material change in country conditions that would justify reopening, [the BIA] compare[s] the evidence of country conditions submitted with the motion to those that existed at the time of the merits hearing below." *In re S-Y-G-*, 24 I. & N. Dec. 247, 253 (B.I.A. 2007). As the BIA found, the evidence demonstrates that the Chinese

3

government has repressed religious groups, including I Kuan Tao practitioners, since long before Haiou Hu's 2007 hearing. The government nearly eradicated I Kuan Tao in the early 1950s and has continuously targeted practitioners whenever a group has been discovered.

Accordingly, because the BIA reasonably concluded that Haiou Hu failed to demonstrate a material change in conditions in China, it did not abuse its discretion in denying her motion as untimely and number barred. *See* 8 U.S.C. § 1229a(c)(7)(A), (C). Because the denial as untimely and number barred is dispositive, we do not reach the BIA's alternative basis for denying Haiou Hu's motion—her failure to establish her prima facie eligibility for relief. *See INS v. Bagamasbad*, 429 U.S. 24, 25 (1976) ("As a general rule courts and agencies are not required to make findings on issues the decision of which is unnecessary to the results they reach.").

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition

4

is DISMISSED as moot.  Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe
Clerk of Court